UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OMEGA ENGINEERING, INC. | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3-98-cv-733 (JCH) |
| RAYTEK CORPORATION, ET AL | : | |
|     Defendants | : | |
| | : | DECEMBER; 21, 2004 |

## AMENDED SUPPLEMENTAL JUDGMENT

**WHEREAS**, on June 7, 2004, this case came on for trial before a jury and the Honorable Janet C. Hall, United States District Judge, and;

A.    On May 29, 2002, the parties entered into a Stipulation in Case No. 3:98CV2052, where Omega Engineering, Inc. ("Omega") withdrew and dismissed with prejudice its claim for infringement of patent claims 15 and 16 of U.S. Patent 5,823,679 ("the '679 patent") against Raytek Corporation ("Raytek"), Cole-Parmer Instrument Company ("Cole-Parmer"), Davis Instrument Manufacturing Company, Inc. ("Davis"), and Dwyer Instruments, Inc. ("Dwyer"), and agreed and covenanted not to sue any of the defendants for infringement of claims 15 and 16 of the '679 patent for any past, present or future acts of the defendants;

B.    Only paragraphs 6, 7 and 8 of this Court's Order and Judgment Pursuant to Rule 54 dated June 4, 2002, were appealed to the Court of Appeals for the Federal Circuit, and the Order and Judgment otherwise remains in full force and effect;

C.    Raytek moved to re-file its non-infringement and invalidity counterclaims with respect to the '678 patent and '679 patent in Case No. 3:98CV2052 on November

20, 2003 in Case No. 3:98CV733, and the Court granted Raytek's motion on May 6, 2004;

    D.    On June 1, 2004, the parties entered into a Stipulation in Case No. 3:98CV733, wherein it was agreed and so ordered:

        a.    Omega Engineering, Inc. withdrew and dismissed with prejudice its claims of infringement of all accused claims of U.S. Patent 5,727,880 ("the '880 patent") against defendants Raytek, Cole-Parmer, Davis and Dwyer, and agreed and covenanted not to sue any of the defendants for infringement of any claims of the '880 patent for any past, present or future acts of the defendants; and

        b.    the parties consented to the dismissal without prejudice of all the remaining portions of Raytek's counterclaim for declaratory relief of non-infringement and invalidity of the '880 patent in that case.

    E.    On June 4, 2004, the parties entered into a Stipulation in Case No. 3:98CV733, wherein it was agreed and so ordered:

        a.    During the trial of this consolidated action, the jury would not be informed that the distributors Cole-Parmer, Davis and Dwyer ("the distributor defendants") were defendants in the action, and no monetary relief was sought by Omega as against those defendants;

        b.    If Raytek is found liable for direct infringement of any of the claims of U.S. Patent 5,823,678 ("the '678 patent") or the '679 patent directed to a product, the distributor defendants agreed to be bound to the same extent as Raytek by a verdict of direct infringement and any judgment granting an injunction against the continued direct

infringement of such product claims; and

   c. The distributor defendants would not be bound by any judgment finding direct infringement of any method claim, or inducement or contributory infringement of any claim, and all such claims would be deemed dismissed with prejudice at the conclusion of this action as against the distributor defendants.

  F. On June 17, 2004, Omega stipulated on the record in Case No. 3:98CV733 to withdraw and dismiss with prejudice all claims of infringement with respect to the '678 and '679 patents, except for claims 1, 6 and 11 of the '678 patent and claims 4 and 9 of the '679 patent, against defendants Raytek, Cole-Parmer, Davis and Dwyer, and agreed and covenanted not to sue any of the defendants for infringement of any claims of the '678 and '679 patents (except for claims 1, 6 and 11 of the '678 patent and claims 4 and 9 of the '679 patent) for any past, present or future acts of the defendants;

  G. On June 21, 2004, after deliberation, the jury returned a verdict in favor of Omega finding that:

   a. Raytek literally infringed claims 1, 6, and 11 of the '678 patent and claims 4 and 9 of the '679 patent by manufacturing and selling its MX series and ST30, ST60, and ST80 series of infrared thermometers with laser circle sighting ("the infringing devices");

   b. Raytek willfully infringed claims 1, 6, and 11 of the '678 patent and claims 4 and 9 of the '679 patent;

      c.      Raytek failed to prove by clear and convincing evidence that claims 1, 6, or 11 of the '678 patent or claims 4 or 9 of the '679 patent were invalid as obvious or invalid for insufficient written description;

      d.      Claims 1, 6, and 11 of the '678 patent and claims 4 and 9 of the '679 patent are entitled to a priority date of September 17, 1993;

      e.      Omega is entitled to damages for lost profits as follows:

| | |
|---|---|
| As to Raytek's MX Series: | $   770,000 |
| As to Raytek's ST 30 device: | $3,150,000 |
| As to Raytek's ST 60 device: | $2,030,000 |
| As to Raytek's ST 80 device: | <u>$1,050,000</u> |
| Total: | $7,000,000 |

      f.      Omega is entitled to a reasonable royalty as follows:

| | |
|---|---|
| As to Raytek's MX Series: | $118,674 |
| As to Raytek's ST 30 device: | $485,484 |
| As to Raytek's ST 60 device: | $312,868 |
| As to Raytek's ST 80 device: | <u>$161,828</u> |
| Total: | $1,078,854 |
| GRAND TOTAL: | $8,078,854 |

In accordance with the foregoing, it is hereby ORDERED and ADJUDGED that:

1.      Omega's claim for infringement of the '880 patent [98CV733] is dismissed with prejudice upon the stipulation of the parties filed June 4, 2004.

2.      Omega's claims for infringement of claims 2-5, 7-10 and 12-13 of the '678

patent and claims 1-3, 5-8 and 10-53 of the '679 patent [98CV2052] are dismissed with prejudice upon the stipulations of the parties filed on May 29, 2002 and as stated on the record on June 17, 2004.

  3. Omega's claims for infringement of all method claims of the '678 and '679 patents, and contributory infringement or inducement of infringement of any claim of the '678 and '679 patents in Case No. 3:98CV2052 as against Cole-Parmer, Davis and Dwyer are dismissed with prejudice upon the stipulation of the parties filed on June 4, 2004.

  4. Judgment is entered for Omega against Raytek only in the amount of $24,535,600; $8,078,854 of which are damages as found by the jury on Omega's claims of infringement of claims 1, 6 and 11 of the '678 patent and claims 4 and 9 of the '679 patent; $16,157,708 of which are an award of enhanced damages equal to three times its actual damages, based upon the jury's finding that Raytek willfully infringed claims 1, 6, and 11 of the '678 patent and claims 4 and 9 of the '679 patent and the Court's consideration of the totality of the circumstances; and $299,038 of which is prejudgment interest on the actual damages as awarded by the jury.

  5. Judgment is entered permanently enjoining Raytek, Cole-Parmer, Davis and Dwyer from manufacturing, using, offering to sell or selling within the United States any of the infringing devices for the life of the patents in suit, including any unfilled orders and any stock in inventory whether held by Raytek, any agent of Raytek or Davis Instrument Manufacturing Co., Cole-Parmer Instrument Co. or Dwyer Instruments, Inc. Raytek, Cole-Palmer, David and Dwyer are enjoined from further making, using, selling,

offering to sell, or distributing within or importing into, the United States, the MX2, MX4, ST30, ST60 and ST80 devices with circular laser sighting and other devices that are no more than colorably different therefrom. This injunction is binding upon the parties to the action, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

  6. Omega is awarded judgment for reasonable attorneys' fees against Raytek in an amount to be determined, the Court finding that this case is exceptional pursuant to 35 U.S.C. § 285.

  7. Costs are to be taxed against the defendants.

**SO ORDERED**

  Dated at Bridgeport, Connecticut this 21st day of December, 2004.


      /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge